Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/27/21

DOCKET NO. 200305-73405
DATE: May 28, 2021

ORDER

1. The Veteran's claim of service connection for bilateral hearing loss is reopened. 

2. The Veteran's claim of service connection for tinnitus is reopened. 

3. The Veteran's claim of service connection for bilateral hearing loss is denied.

4. The Veteran's claim of service connection for tinnitus is denied. 

FINDINGS OF FACT

1. The Veteran's claim of service connection for bilateral hearing loss was denied in October 2009. As the denial was not appealed within one year it became final. Evidence submitted since the denial is new and relevant. 

2. The Veteran's claim of service connection for tinnitus was denied in October 2009. As the denial was not appealed within one year it became final. Evidence submitted since the denial is new and relevant. 

3. The preponderance of the evidence does not show that there is a nexus between the Veteran's bilateral hearing loss and his military service. 

4. The preponderance of the evidence shows that the Veteran does not suffer from tinnitus. 

CONCLUSIONS OF LAW

1. The criteria to readjudicate the claim for service connection bilateral hearing loss are met. 38 C.F.R. § 3.2501 (2019)

2. The criteria to readjudicate the claim for service connection for tinnitus are met. 38 C.F.R. § 3.2501 (2019)

3. The criteria to establish service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 5107 (b); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309, 3.310.

4. The criteria to establish service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 5107 (b); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Air Force from March 1959 to June 1961. 

These matters are on appeal before the Board of Veterans' Appeals (Board) and arise from an August 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. 

The Veteran testified before the undersigned Veterans Law Judge (VLJ) in November 2020. A copy of the transcript is of record. 

New and Relevant Evidence

Generally, a claim that has been denied in a final unappealed decision may not thereafter be reopened and allowed. 38 U.S.C. §§ 7104 (b), 7105(c). VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d). Relevant evidence is evidence that "tends to prove or disprove a matter at issue in a claim." 38 C.F.R. § 3.2501. In deciding whether new and relevant evidence has been submitted, the Board looks to the evidence submitted since the last final denial of the claim. Evans v. Brown, 9 Vet. App. 273, 285 (1996). The threshold for determining whether new and relevant evidence raises a reasonable possibility of substantiating a claim is "low". See Shade v. Shinseki, 24 Vet. Ap. 110, 117 (2010).

In the present case, the Veteran has testified before the undersigned VLJ in November 2020 regarding his claimed bilateral hearing loss and tinnitus. In December 2020, the Veteran submitted private audiological reports dated in March 2018 and December 2020. The credibility of this evidence is presumed for purposes of reconsidering the claim. See Justus v. Principi, 3 Vet. App. 510, 513 (1992). The evidence received within 90 days of the hearing is new as it had not been previously considered and is relevant as it tends to prove or disprove a matter at issue; specifically whether noise exposure in service caused hearing loss and tinnitus. Therefore, the claims must be reconsidered. 

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). VA regulations do not preclude service connection for a hearing loss which first met VA's definition of disability after service. Hensley v. Brown, 5 Vet. App. 155, 159 (1993).

The threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

Where a veteran served 90 days or more during a period of war or after December 31, 1946, and an organic disease of the nervous system (to include hearing loss and tinnitus), becomes manifest to a degree of l0 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. 

With chronic disease shown as such in service (or within the presumptive period under § 3.307) so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributed to intercurrent causes. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is questioned. When the fact of chronicity in service is not adequately supported, then the showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303 (b). Notably, the use of continuity of symptomatology to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309 (a) as noted above. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Laypersons, such as the Veteran, are competent to report on matters observed or within his or her personal knowledge, to include the occurrence of injury, and as to the nature, onset, and continuity of symptoms experienced or observed. See 38 C.F.R. § 3.159 (a)(2) (2017); Charles v. Principi, 16 Vet. App. 370 (2002). Layno v. Brown, 6 Vet. App. 465, 470 (1994). The Board, however, retains the discretion to determine the credibility and probative value of all evidence of record, including lay evidence. See Buchanan, supra.

In adjudicating a claim for VA benefits, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

Entitlement to service connection for bilateral hearing loss

In testimony at a Board hearing, the Veteran reported that his pilot training was suspended and that he was assigned duties as an instructor in a missile system training course. He credibly described twice daily classes that involved run-up and operation of loud aircraft or missile engines with no hearing protection. 

A review of the Veteran's service treatment records do not show complaint, treatment or diagnosis for hearing loss in service. Audiometric hearing tests and examinations in December 1968 for aviation cadet training, in March 1959 for flight training, and in November 1960 as part of a hearing conservation program showed normal hearing. Likewise, the Veteran's May 1961 separation medical examination included an audiometric examination that showed normal hearing. Furthermore, the Veteran denied any ear trouble in his separation report of medical history. See July 2009 STR-Medical, pp. 2-7.

Post-service, the first indication of hearing loss in the record came in a February 2008 hearing test performed by a private audiologist. There were no comments regarding the onset or cause for decreased hearing acuity. The RO received the Veteran's claim of service connection for hearing loss in July 2009. In September 2009 the Veteran was provided a VA examination. Upon testing, the examiner found that the Veteran's hearing loss was moderately severe in the right ear and moderate in the left; testing showed that both met the criteria for disability. The examiner opined that the Veteran's hearing loss was less likely than not caused by his military service, as the Veteran "did not have hearing damage while in service" based upon electronic hearing testing conducted at discharge. See September 2009 VA Examination. 

The RO denied the Veteran's claim in October 2009. As the Veteran did not appeal or submit new evidence within one year, the decision became final.

The Veteran denied tinnitus in a February 2018 primary care note. See August 2019 CAPRI, p. 16. 

In July 2019 the Veteran filed a petition to reconsider the claims. This petition was denied by the RO in August 2019 on the grounds that the Veteran did not provide any new evidence. In March 2020 the Veteran submitted VA Form 10182, in which he requested a hearing before a VLJ. This was provided in November 2020. There, the Veteran testified that as an instructor in the Air Force he was exposed to loud noises during missile launches and from training engines operated during his twice daily classes. See November 2020 Hearing Transcript, p. 4. Subsequently, the Veteran submitted a December 2020 letter from a private audiologist who opined that the Veteran's bilateral hearing loss was more likely than started during military service due to loud noises exposure. After service, he reported working in an office, and had the recreational hunting of bow hunting. See December 2020 Medical Treatment Record Non Government Facility. As this evidence was submitted within 90 days of the Veteran's Board Hearing, it may be considered as evidence of record. 

In the present case the Board acknowledges that the Veteran has bilateral hearing loss disability and that he experienced noise exposure during military service. As such, the question before the Board is whether there is a medical nexus between his disability and military service. As there are two competing nexus opinions, the Board must determine which opinions have more probative value. Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). The Board finds the September 2009 VA examiner's nexus opinion to be of greater probative value than the December 2020 private physician's nexus opinion. To begin, the September 2009 VA examiner conducted an in-person examination, considered the Veteran's lay statements, reviewed the Veteran's medical record, and provided a rationale supported by the record. 

On the other hand, the December 2020 private examiner did not state what, if any, records were considered, did not address the audiological reports of normal hearing during service including during the discharge examination. The audiologist implied that the hearing loss started in service which is contrary to the May 1961 testing showing no hearing loss at the time of discharge from active duty. 

Given the shortcomings of the December 2020 private examiner's nexus opinion, the Board finds that the September 2009 VA examiner's nexus opinion to be of greater probative value. As such, the criteria of the third element of service connection has not been met and the claim must be denied. 

Finally, the Board acknowledges that a presumption for organic diseases of the nervous system may apply if the disorder manifests at a compensable degree within one year of discharge. As the record does not show complaint of bilateral hearing loss until July 2009 and was without diagnosis until September 2009, the presumption does not apply in this instance. For the foregoing reasons the benefit-of-the doubt doctrine is not for application, and the claim for service connection for a bilateral hearing loss disability must be denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

Entitlement to service connection for tinnitus

A review of the Veteran's service treatment records does not show complaint, treatment or diagnosis for tinnitus. Post-service, the Veteran's medical treatment records likewise do not contain complaint, treatment or diagnosis. A November 1960 hearing conservation data report contained a medical history section asking about tinnitus before and after noise exposure but was silent for any reported tinnitus. See July 2009 STR-Medical, p. 6. The Veteran's separation report of medical examination did not note tinnitus, nor did the Veteran report it in his separation report of medical history. Id at 3-4. 

In July 2009 the Veteran submitted a claim of service connection for tinnitus and was provided a VA examination in September 2009. There, the Veteran denied tinnitus. 

The Veteran's claim was denied in October 2009. As the Veteran did not appeal within one year, the decision became final. The Veteran then denied tinnitus in a February 2018 primary care note. See August 2019 CAPRI, p. 16. 

In July 2019 the Veteran filed a petition to reconsider the claim. This petition was denied by the RO in August 2019 on the grounds that the Veteran did not provide any new evidence. In March 2020 the Veteran submitted VA Form 10182, in which he requested a hearing before a VLJ. This was provided in November 2020. There, the Veteran testified that he denied tinnitus at the September 2009 VA examination. When asked about whether he had tinnitus, the Veteran answered that he experienced hearing loss. See November 2020 Hearing Transcript, pp. 7-8. 

As above, the Board finds the claim must be denied on the grounds that the criteria for the first element of service connection, a current disability, have not been met. In the present case, neither the Veteran, nor the record, has indicated that the Veteran suffers from tinnitus. Without a current disability, there can be no claim for service connection. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, supra. 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board P. Abels, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.